951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve Ross RABOY, Petitioner-Appellant,
v.
Roger CRIST; John Hallahan, et al.; Samuel A. Lewis,
Director, Defendants-Appellees.
 No. 91-15200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Raboy, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. In his complaint, Raboy alleged that Arizona state prison officials violated his first amendment right to practice his Sikh religion and harassed and discriminated against him based on his religious beliefs. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Before granting summary judgment against a pro se prisoner litigant, a district court must provide him with fair notice of the summary judgment requirements of Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988).
 
 
 5
 In his second amended complaint, Raboy alleged that Sikhs were treated differently than prisoners of other religions, that he was required to wear a turban and was harassed for doing so, that prison officials had a discriminatory haircut policy, and that the vegetarian diet he received was not nutritionally adequate and did not comply with his religious dietary requirements. The defendants moved for summary judgment, and submitted (1) the affidavit of Mutka Kaur Khalsa, the Sikh Dharma of Tucson, outlining the five mandatory tenets of the Sikh religion, (2) the affidavit of prison officials, documenting Raboy's repeated violations of these mandatory tenets, and (3) Raboy's deposition, in which he stated that he agreed to the authority of the Sikh Dharma of Tucson as to the tenets of the Sikh faith. The district court granted summary judgment for defendants on the ground that Raboy was not a sincere follower of the Sikh religion and therefore was not entitled to a special religious diet. The district court then denied Raboy's equal protection claims finding that he did not have standing to assert them because he was not a legitimate adherent of the Sikh religion. The district court specifically found that Raboy was free to practice his own version of Sikhism, but that prison officials had not interfered with his first amendment right to practice his religion.
 
 
 6
 On appeal, Raboy contends that the district court should have informed him of his obligation under Rule 56 to file additional opposing affidavits in order to withstand summary judgment. See Klingele, 849 F.2d at 411. Raboy, however, had already filed opposing affidavits in response to defendants' first motion for summary judgment, and thus was aware of this responsibility. Further, the district court construed Raboy's second amended complaint and response to defendants' motion to dismiss as responsive affidavits. Accordingly, the district court did not err in failing to inform Raboy of the Rule 56 requirements. See id.
 
 
 7
 Raboy contends that the district court failed to review the entire record before granting summary judgment. The district court's opinion, however, indicates that he reviewed the entire record before granting summary judgment.
 
 
 8
 Raboy contends that the district court improperly granted summary judgment when genuine issues of fact remained for trial. Raboy apparently contends that the issues of the tenets of Sikh faith and whether Raboy is a legitimate Sikh remained for trial. The issue of the sincerity of a prisoner's religious beliefs as the basis for denial of religious privileges is not generally appropriate for summary judgment. See, e.g., McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987) (reversing summary judgment where defendant prison officials denied kosher diet to newly transferred prisoner based on second-hand knowledge regarding sincerity of inmate's religious beliefs). In his deposition, however, Raboy agreed that he would accept the authority of the Sikh Dharma of Tucson regarding the tenets of the Sikh faith. Given Raboy's acceptance of the authority of the Sikh Dharma of Tucson, the district court correctly found that no genuine issues of fact remained for trial. See id; Tzung, 873 F.2d at 1339-40.
 
 
 9
 Raboy contends that the district court should not have relied on the affidavit of Mutka Kaur Khalsa because it was incomplete, self-serving, and was presented surreptitiously. Raboy has not shown anything to support these allegations, and the record shows that defendants correctly filed the affidavit in compliance with Rule 56.
 
 
 10
 Finally, Raboy contends that the district court should have allowed him further discovery before granting summary judgment. The record shows that the district court ruled on Raboy's discovery requests prior to granting summary judgment, and also shows that the court went to great lengths to assist Raboy with discovery throughout the litigation. Further, Raboy has not identified the documents he sought nor has he shown how they would have helped him to sustain his claims. See Klingele, 849 F.2d at 411. Accordingly, the district court did not err by granting summary judgment without allowing Raboy further discovery.
 
 II
 Appointment of Counsel
 
 11
 We review for abuse of discretion the district court's denial of Raboy's requests for appointment of counsel. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Under 28 U.S.C. § 1915(d), the district court may appoint counsel to represent indigent civil litigants in "exceptional circumstances." Id. A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the litigant to articulate his claims pro se in light of the complexity of the legal issues involved. Id. Raboy has not shown that exceptional circumstances existed, especially in light of the quality of his pleadings throughout this litigation. Thus, the district court did not abuse its discretion in denying Raboy's requests for appointment of counsel. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3